UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MATTHEW CHENOT, JR.,<br>Defendant. | Case No. 6:26-MJ-0004-HBK-1<br>TRIAL SCHEDULING ORDER |

This matter is set for a bench trial on September 4, 2026. To promote the orderly and efficient presentation of evidence, the Court orders as follows:

**Government trial brief.**

No later than August 28, 2026, the United States shall file and serve a trial brief setting out the elements of each charged offense, a summary of the anticipated evidence, any significant legal or evidentiary issues the government anticipates, and the government's proposed resolutions of those issues.

**Exchange of witness lists.**

No later than August 21, 2026, the United States and the defendant shall exchange a list identifying each witness the party presently intends to call in its case-in-chief, including the witness's name and, for non-law-enforcement civilian witnesses, contact information sufficient to permit the opposing party to identify the witness.

**Exchange of exhibit lists and exhibits.**

By the same deadline, the parties shall exchange a list of each document, recording, photograph, tangible item, or other exhibit the party presently intends to offer in its case-in-chief, together with a copy of each exhibit where reasonably practicable, or a reasonable opportunity to inspect it if copying is impracticable.

**Conferral and objections.**

The parties shall confer in good faith regarding exhibit numbering, authenticity stipulations, and any anticipated objections. Any objection to an identified exhibit—other than an objection based on relevance, foundation, or an issue that could not reasonably have been anticipated—shall be raised in writing by August 21, 2026.

**Scope and supplementation.**

This order does not require pretrial disclosure of material intended solely for impeachment, rebuttal, or cross-examination, except as otherwise required by law or further order of the Court. It does not alter the parties' obligations under Federal Rule of Criminal Procedure 16, Rule 26.2, Brady, Giglio, the Jencks Act, or any other applicable law. Each party shall promptly supplement its disclosures if it later decides to call an additional witness or offer an additional case-in-chief exhibit. A party seeking to use material not timely disclosed must promptly notify the opposing party and show good cause. The Court may impose an appropriate remedy for an unjustified failure to comply, including allowing additional time for preparation, limiting use of the undisclosed material, or taking other appropriate action under the circumstances.

DONE AND ORDERED:

Dated: August 12, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE